IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv15
(3:04cr223)

RODNEY GREEN,                          )
                                       )
            Petitioner,                )
                                       )
      v.                               )            O R D E R
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )
_____)

**THIS MATTER** is before the Court upon Petitioner's motion to vacate pursuant to 28

U.S.C. § 2255. (Doc. No. 1).

      The Judgment regarding Petitioner's conviction and sentence was entered on June 8,

2006. (Case No. 3:04cr223, Doc. No. 181). Petitioner did not file a direct appeal. Thus, his

conviction and sentence became final on or about June 22, 2006. United States v. Johnson, No.

99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (when a defendant does not pursue a

direct appeal, the conviction becomes final when the time expires for filing a direct appeal).

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the

"AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-

year statute of limitations period for the filing of a motion to vacate.[1] At the earliest, Petitioner

_____

      [1]   Such amendment provides:
            A 1-year period of limitation shall apply to a motion under this section.
      The limitation period shall run from the latest of–
            (1) the date on which the judgment of conviction becomes final;
            (2) the date on which the impediment to making a motion created
            by governmental action in violation of the Constitution or laws of
            the United States is removed, if the movant was prevented from

submitted the instant motion to vacate for filing on January 2, 2008 (Doc. No. 1), months after the limitations period expired on or about June 22, 2007.

The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Sexton, No. 02-6273, slip op. at 1 (4th Cir. Feb. 28, 2003).

**IT IS THEREFORE, HEREBY ORDERED** that within twenty (20) days of the date of this Order, Petitioner shall file a document, explaining why he believes his motion to vacate (Doc. No. 1) should be deemed timely filed.

Signed: April 24, 2009

Robert J. Conrad, Jr.
Chief United States District Judge

---

making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.